**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4640**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID KAREEM TURPIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:17-cr-00157-D-1)

Submitted: March 30, 2020                                 Decided: April 7, 2020

Before WILKINSON, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Aakash Singh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Kareem Turpin appeals his convictions and 240-month sentence imposed following his guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2018), and brandishing a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (2018). For the reasons set forth below, we affirm.

On appeal, Turpin first argues that his 240-month sentence was substantively unreasonable. We review the sentence imposed by the district court, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This standard encompasses review for both procedural and substantive reasonableness. *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). We first examine the sentence for "significant procedural error," such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2018) factors, or inadequately explaining the sentence imposed. *Gall*, 552 U.S. at 51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.*

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). In assessing the substantive reasonableness of an upward departure, we must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range."

2

*United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Tucker*, 473 F.3d 556, 561 (4th Cir. 2007) (internal quotation marks omitted). We, however, must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the [departure]." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). "[E]ven though we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

Although Turpin does not challenge the procedural reasonableness of his sentence, we have reviewed that aspect of his sentence and conclude that the sentence is procedurally sound. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (holding that appellate court must review sentence for procedural reasonableness before considering its substantive reasonableness). Additionally, we conclude that Turpin's 240-month sentence is substantively reasonable. The district court provided a detailed explanation for the sentence it imposed that was both rooted in the relevant § 3553(a) factors and responsive to Turpin's arguments for a lower sentence. The court emphasized Turpin's lengthy criminal history, the nature and circumstances of the offense, the need for the sentence to provide adequate deterrence and to protect the public, and the need to provide just punishment for the offense.

Although Turpin argues on appeal that the district court "failed to take adequate account of . . . his life expectancy and the decline in recidivism with increasing age, both

3

of which undermine the court's stated rationale of incapacitation and deterrence," we conclude that this claim is belied by the record. The court acknowledged Turpin's arguments in mitigation, including Turpin's arguments regarding his age and "issues associated with recidivism statistics and life expectancies" but found these arguments outweighed by his "deeply troubling" criminal history. To the extent that Turpin claims that the district court should have given greater mitigating effect to the factors he raised at sentencing, we decline to substitute our § 3553(a) calculus for that of the district court. *See Gall*, 552 U.S. at 51-52 (recognizing that "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case," given sentencing judge's "institutional advantage" and increased familiarity with individual defendant and case record (internal quotation marks omitted)); *see also United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (observing that sentencing courts "have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

Finally, Turpin argues that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3) (2018), and thus cannot serve as a predicate offense for his 18 U.S.C. § 924(c)(1)(A) conviction. As acknowledged by Turpin, this claim is squarely foreclosed by our decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.), *cert. denied*, 140 S. Ct. 639 (2019), and *cert. denied*, 140 S. Ct. 640 (2019).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*